UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | Case No. |
| | ) | 5:11-CR-128-JMH |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| RAYMOND D. RAMSEUR, | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*

Defendant Raymond D. Ramseur, a federal prisoner proceeding pro se, has filed a letter asking if he is eligible for a reduction of sentence under the provisions of the First Step Act of 2018 and asking for appointment of counsel. [DE 28]. The Court construes Ramseur's letter as a motion for a reduction of sentence under Section 404 of the First Step Act and as a motion for appointment of counsel. But Ramseur was sentenced as a career offender. As a result, under Sixth Circuit precedent, Ramseur is ineligible for a sentence reduction under the First Step Act due to his status as a career offender. As a result, Ramseur's motion for a reduction of sentence and appointment of counsel [DE 28] are **DENIED**.

### I. Procedural Background

On December 8, 2011, Ramseur pleaded guilty to one count of possession with intent to distribute cocaine base ("crack cocaine") and one count of possession of a firearm during and in

1

relation to a drug trafficking crime. [DE 13; DE 14]. Subsequently, the Honorable Karl S. Forester sentenced Ramseur to 120 months of imprisonment on count one and 60 months of imprisonment on count 2, to be served consecutively, for a total term of imprisonment of 180 months. [DE 25]. Ramseur was also sentenced to 6 years of supervised release on count 1 and five years of supervised release on count 2, to be served concurrently, for a total term of 6 years of supervised release following incarceration. Both the plea agreement [DE 14] and Ramseur's current motion for reduction of sentence [DE 28] indicate that Ramseur was sentenced as a career offender. Ramseur did not appeal his conviction or sentence.

## II. Analysis

### A. Reduction of Sentence Under the First Step Act

On December 21, 2018, the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, was signed into law. Among other reforms, Section 404 of the First Step Act retroactively applies certain sentencing reform provisions of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 ("FSA"). Specifically, the First Step Act retroactively applies the reduced statutory penalties for cocaine base ("crack" cocaine) offenses in the FSA to "covered offenses" committed before August 3, 2010.

The court that imposed a sentence for a covered offense may impose a sentence as if the FSA were in effect at the time the

covered offense was committed. This reduction in sentence may be made by the court on its own or on a motion of the defendant, the Director of the Bureau of Prisons, or an attorney for the United States.

Here, Ramseur seeks a reduction of sentence under the First Step Act. "Under 18 U.S.C. § 3582(c)(2), a defendant is eligible for a sentence reduction if: (1) the defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission; and (2) such reduction is consistent with applicable policy statements issued by the Sentencing Commission." *United States v. Riley*, 726 F.3d 756, 758 (6th Cir. 2013) (internal citations and quotation omitted). To satisfy the second requirement, "a guidelines amendment must have the effect of lowering the defendant's applicable guideline range." *Id.* (internal citations and quotations omitted).

But Ramseur's status as a career offender renders him ineligible for a sentence reduction under Section 404 of the First Step Act based on Sixth Circuit precedent. In *Riley*, the Sixth Circuit addressed whether prisoners sentenced as career offenders were eligible for a sentence reduction under the Fair Sentencing Act and held that those sentenced as career offenders under U.S.S.G. § 4B1.1 were not eligible because the reforms in the Fair

Sentencing Act only affected the guidelines ranges under U.S.S.G. § 2D1.1.  *Id.* at 758-59.

In so holding, the Sixth Circuit explained that career offenders were not eligible for a sentence reduction under Amendment 706, a retroactive amendment that lowered the base offense levels for most crack offense levels in § 2D1.1, because sentences for career offenders were not based on a sentencing range that had been lowered by the commission.  *See id.* (discussing *United States v. Perdue*, 572 F.3d 288 (6th Cir. 2009)).

The Sixth Circuit reaffirmed its holding in *Perdue* in the context of Amendment 750 under the Fair Sentencing Act because "that amendment did not lower the career offender sentencing guidelines range" where a sentence was derived from a defendant's status as a career offender, rather than based on the quantity of drugs.  *Id.* at 759 (citing and discussing *United States v. Tillman*, 511 F. App'x 519, 521 (6th Cir. 2013)).

Of course, the court must preliminarily calculate a defendant's § 2D1.1 guideline range to determine the statutory maximum offense level in §4B1.1, but this does not mean that the sentence was "based on" the drug quantity calculations in § 2D1.1. Ultimately, a preliminary calculation of a defendant's § 2D1.1 guideline range does not make the final sentence "based on" the §2D1.1 guidelines.  *Id.* at 759 n.1.

In sum, the Sixth Circuit has held that the reforms in the Fair Sentencing Act "only altered the § 2D1.1 guideline ranges" and that "*sentences of career offenders under § 4B1.1 are not based on the § 2D1.1 ranges.*" *Id.* at 759 (emphasis added). This Court is bound by Sixth Circuit precedent.

As a result, the reforms in Section 404 of the First Step Act are inapplicable to Ramseur's sentence because he was sentenced as a career offender pursuant to U.S.S.G. § 4B1.1, which remain unchanged, not based on the guideline ranges in U.S.S.G. § 2D1.1, which are based on drug quantity calculation and were amended by the Fair Sentencing Act reforms that are now applied retroactively. Thus, Ramseur's motion for reduction of sentence [DE 28] must be **DENIED**.

### B. Motion for Appointment of Counsel

Ramseur's motion [DE 28] also requests appointment of counsel. Federal statutes outline certain situations where counsel shall be appointed for indigent Defendants but motions for reduction of sentence are not included. *See* 18 U.S.C. § 3006A(a)(1); *see also In re Appointment of Counsel and Motions for Relief Under the First Step Act of 2018*, General Order 2019-5 (E.D. Ky. Mar. 28, 2019) ("Appointment of counsel is not required [in motions for reduction under the First Step Act].").

Of course, the Court has discretion on whether to appoint counsel in this situation. But here, there is no indication that

appointment of counsel will provide meaningful assistance to the Defendant. As the Court has explained above, Sixth Circuit precedent appears to foreclose any reduction of sentence under the First Step Act for those prisoners sentenced as career offenders. Thus, at this juncture, appointment of counsel would be futile and Ramseur's motion for appointment of counsel [DE 28] is **DENIED**.

### III.  Conclusion

Accordingly, for the foregoing reasons, **IT IS ORDERED** that Defendant Raymond D. Ramseur's motion for reduction of sentence and motion for appointment of counsel [DE 28] are **DENIED**.

This the 11th day of April, 2019.

Signed By:
*Joseph M. Hood*
Senior U.S. District Judge